Date signed January 18, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                              :
                                    :
LAVERNE ROBINSON                    :    Case No. 09-11819PM
                                    :         Chapter 13
            Debtor                  :
- - - - - - - - - - - - - - - - - - :

MEMORANDUM OF DECISION

      This case came before the court on January 11, 2011, on the Motion to Allow for Direct Payment filed by R. Manny Montero and Montero Law Group, LLC ("Counsel"), seeking payment of the balance of the attorney's fee claimed due (the "Fee") and requesting that the Fee be paid from the proceeds of Debtor's payments held by the Trustee. Under 11 U.S.C. § 1326(a)(2), these proceeds are to be returned to the Debtor after deducting any unpaid claims for administrative expenses subject to §503(b). Administrative expenses in a case under Chapter 13 include reasonable compensation to the debtor's attorney for representing debtors's interests after a consideration of the benefits of the services provided to the debtor. 11 U.S.C. § 330(a)(4)(B).

      As noted in the Disclosure of Compensation filed with the petition on February 4, 2009, Debtor and Movant agreed that compensation would be paid pursuant to paragraph A of Appendix F to the Local Bankruptcy Rules of this court. Under that regime, Counsel agreed to a fee not to exceed $3,500.00 for all matters in the main bankruptcy case, subject to the right of Counsel to seek additional fees for work done on extraordinary matters not reasonably expected.

      This case progressed and, in due course, on September 7, 2010, the court ruled that the Debtor's Amended Chapter 13 Plan (D.E. #44) would be confirmed, directing that the

confirmation Order be held up pending consummation of the loan modification that had been negotiated.  The court is advised by all concerned that the refinancing has gone through and that the Debtor is current with all of his creditors and free of the concerns that compelled this bankruptcy filing.  The court also entered an Order waiving the requirement that the Debtor's future Plan payments be made directly to the Trustee, rather than by a garnishment upon his employer.  In the course of his representation of Debtor, Counsel defended a Motion for Relief from Stay filed by U.S. National Bank Association as Trustee and, in due course, a Consent Order conditioning the automatic stay was entered.   That creditor's objection to confirmation was also resolved.  Before the confirmation Order was entered, however, the Debtor, in proper person, moved to dismiss the case on October 20, 2010, and that Motion was granted by Order enter October 22, 2010.  Thus, a successful result was achieved, notwithstanding the fact that the confirmation Order was never entered.

The friction in the case between the Debtor and Counsel came about as a result of the Debtor's perception that the original person assigned to his case was inattentive to him.  That may well have been the case; however, with the appearance of Mr. Montero as his principal counsel, matters moved to the successful conclusion described above.  When a plan is not confirmed, § 1326(a)(2) of the Bankruptcy Code provides that the trustee shall return any payments after deducting unpaid administrative claims.  These would include the $100.00 compensation allowed the trustee pursuant to § 330(a) of the Bankruptcy Code, as well as the administrative expenses allowed the counsel for the debtor.

The court finds that Counsel has done all required of it in this case.  While the court well understands the Debtor's frustration with former counsel in the firm, who is now employed by another law firm that does primarily creditor work, the court finds that the agreed upon fee of $3,500.00, of which $2,000.00 remains unpaid, is fair and appropriate under the circumstances.  Debtor's residence was saved from foreclosure, and the awkward loan modification process was enabled to proceed to completion despite the occasional lack of cooperation on the part of the holder of the mortgage.  The court will enter an order overruling the objection of the Debtor and directing payment of the balance of $2,000.00 due Counsel from the funds held by the Trustee.

cc:
R. Manny Montero, Esq. and the  Montero Law Group, LLC, 1738 Elton Road, #105,
    Silver Spring, MD 20910
Laverne Robinson, 6108 Rosedale Drive, Hyattsville, MD 20782

Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**